UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KATHLEEN HAAG, | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL NO. 11-CV-11591-PBS |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

August 13, 2012

Saris, U.S.D.J.

This case relates to the government's efforts to collect the unpaid joint and several federal income tax liabilities of plaintiff Kathleen Haag and her husband, Robert Haag, for taxable years 1985-1991 and 1993. See Haag v. Shulman, 683 F.3d 26, 27 (1st Cir. 2012) (describing the lengthy litigation history). Plaintiff filed this action pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure, which allows a court to "entertain an independent action to relieve a party from a judgment . . . ." She seeks relief from the order in United States v. Haag, 02-CV-12490-REK, 2004 WL 2650274 (D. Mass. Sept. 30, 2004), which rejected her claim for "innocent spouse" relief under I.R.C. § 6015 and granted the government's motion for

1

partial summary judgment. The government has moved to dismiss the present action arguing, <u>inter</u> <u>alia</u>, that under Rule 12(b)(6) of the Federal Rules of Civil Procedure Plaintiff fails to state a claim upon which relief can be granted.

The government contends that Plaintiff is not entitled to innocent spouse relief under Internal Revenue Service ("IRS") Notice 2011-70, 2011-32 I.R.B. 135, 2011 WL 3035113 (released July 26, 2011) ("Notice 2011-70"). In a related appellate decision, the First Circuit recently expressed its agreement with the government on this point:

> In any event, we are constrained to agree with the government's reasoning that the terms of Notice 2011-70 would be inapplicable to Haag even if her claim were not precluded by res judicata. With regards to the specific matter of innocent spouse claims that were adjudicated and rendered final prior to its date of issue, Notice 2011-70 explains that the IRS will not take further collection activity against a taxpayer *if* the agency had "stipulated in the court proceeding that the individual's request for equitable relief would have been granted had the request been timely." In Haag's case, the IRS never stipulated that § 6015(f)'s two-year deadline constituted the sole obstacle to her claim. On the contrary, we note that in the *Haag I* litigation, the government argued that Haag administratively waived her claim by not articulating her request for relief before the Secretary prior to raising it at the district court.

<u>Haag v. Shulman</u>, 683 F.3d 26, 32 n.2 (1st Cir. 2012). This court administratively stayed this action pending this ruling. Notice 2011-70 does not entitle Plaintiff to innocent spouse relief.

Plaintiff argues the First Circuit erroneously limited its discussion of Notice 2011-70 to "the specific matter of innocent

2

spouse claims that were adjudicated and rendered final prior to its date of issue." Id. Notice 2011-70 treats innocent spouse claims that were adjudicated and rendered final prior to its date of issue differently from innocent spouse claims that were still in litigation on its date of issue. Plaintiff argues her request for innocent spouse relief was still in litigation as a result of the underlying Rule 60 action, not adjudicated and rendered final, when the IRS issued Notice 2011-70 on July 25, 2011. See Doc. No. 24 at 3. However, Plaintiff's claim for innocent spouse relief was rejected in United States v. Haag, 02-CV-12490-REK, 2004 WL 2650274 (D. Mass. Sept. 30, 2004), and judgment was entered against Plaintiff and her husband on January 3, 2006. See Civil Action No. 02-12490, Doc. No. 48. Thus, her claim was adjudicated and rendered final prior to the July 25, 2011, issuance of Notice 2011-70.

Because Plaintiff's complaint erroneously relies on the application of Notice 2011-70 as the sole basis for her case, the complaint does not present "enough facts to state a claim to relief that is plausible on its face" and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Defendant's Motion to Dismiss (Doc. No. 8) is **ALLOWED**.

                                        /s/ PATTI B. SARIS
                                        PATTI B. SARIS
                                        United States District Judge